IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WANDA P. CHOCALLO          :     CIVIL ACTION
                           :
            v.             :
                           :
INTERNAL REVENUE SERVICE   :
DEPARTMENT OF THE TREASURY :     NO. 04-3737
_____

UNITED STATES OF AMERICA   :     CIVIL ACTION
                           :
            v.             :
                           :
WANDA P. CHOCALLO          :     NO. 06-539

MEMORANDUM AND ORDER

McLaughlin, J.                              July 16, 2007

          These consolidated actions concern a tax dispute

between Wanda P. Chocallo ("Chocallo") and the Internal Revenue

Service, Department of the Treasury ("IRS").  In the first suit,

Chocallo has sued the IRS, pro se, to recover (i) damages for

harm she sustained as a result of the IRS' allegedly unauthorized

collection practices, and (ii) a refund of taxes that she

allegedly overpaid for the 1998 tax year.[1]  In the second suit,

the United States has sued Chocallo to recover an erroneous

_____

          [1]    The IRS originally sought dismissal of Chocallo's
complaint on the ground that the IRS is not a suable entity.  See
Blackmar v. Guerre, 342 U.S. 512, 514 (1952).  In a previous
opinion in this case, the United States Court of Appeals for the
Third Circuit rejected this argument, concluding that Chocallo
intended to sue the United States.  For convenience in
distinguishing the two cases, the Court will continue to refer to
the defendant in Chocallo's initial suit as the IRS.

refund that it allegedly sent to Chocallo relating to the 1998 tax year.  There are currently three motions pending before the Court: a motion to dismiss filed by the IRS in Chocallo's original action; a motion for summary judgment filed by the United States in its subsequent action; and a motion to dismiss filed by Chocallo in the second action.  The Court will grant the IRS' motion to dismiss Chocallo's complaint in part and deny it in part.  The Court will deny the other motions.

I.    BACKGROUND

      A.    Allegations in Chocallo's 2004 Complaint

            On August 6, 2004, Chocallo filed suit against the IRS, seeking damages for the Service's allegedly unauthorized collection practices, as well as a refund of taxes that she allegedly overpaid for the 1998 tax year.  In the complaint, Chocallo alleges that when she filed her 1998 tax return in October of 1999, she remitted a payment of $40,286.59 to cover her estimated tax liability.  Because her actual tax liability was only $7,450.00, Chocallo claims that she was entitled to a substantial refund.  According to Chocallo, however, the IRS improperly applied some of her overpayment to erroneously assessed tax liabilities from 1994 and 1995 without notice and then kept her refund check for the difference -- $24,370.42.

            Chocallo further alleges that in May of 2000 the IRS made an additional erroneous tax assessment for the 1998 tax

-2-

year, without providing her notice, for $33,724.00.  In connection with the erroneous assessment, the IRS executed a levy on $21,411.27 held in a certificate of deposit that Chocallo owned.  Chocallo responded by successfully challenging the levy in the United States Tax Court, which ordered the IRS to return the levied funds on November 12, 2003.

Finally, Chocallo alleges that IRS agents have insisted, as late as March 2004, that the original 1998 tax-year refund check was reissued, with interest, despite evidence that it had not been.  Chocallo claims that she has yet to receive the refund that is due, which has been calculated by the IRS to be $42,088.83 plus interest.  Chocallo also seeks damages for the IRS' "unauthorized collection actions in reckless or intentional disregard of the law."  These unauthorized actions include (i) the IRS' execution of a levy on Chocallo's certificate of deposit, and (ii) the IRS' sending Chocallo a letter demanding repayment of a refund check in the amount of $40,595.30 that allegedly was never issued.

B.    Allegations in the United States' 2006 Complaint

On February 2, 2006, the United states filed suit against Chocallo, seeking recovery of an erroneously issued tax refund relating to the 1998 tax year.  According to the United States, after the IRS was ordered to return Chocallo's levied funds, the IRS manually issued Chocallo a refund check for

-3-

$21,411.27, plus interest, which amounted to $22,935.55.  The United States claims that Chocallo received and negotiated that check.

The United States further alleges that on February 6, 2004, the IRS mistakenly issued Chocallo a duplicate check in the amount of $22,935.55, due to a computer error.  According to the United States, Chocallo received and negotiated this check, as well.  The United States claims that it has requested repayment of the erroneous refund but that Chocallo has refused to comply.

C.   <u>Procedural History</u>

On August 6, 2004, Chocallo filed her initial complaint, pro se, against the IRS, along with a demand for trial by jury.  In that suit, Chocallo seeks damages for the Service's allegedly unauthorized collection practices, as well as a refund of taxes that she allegedly overpaid for the 1998 tax year. Instead of answering the complaint, the IRS filed a motion to dismiss for lack of subject-matter jurisdiction, arguing that Chocallo filed suit after the applicable limitations period had expired and without exhausting her administrative remedies.  The Court granted the motion as uncontested pursuant to Local Rule 7.1.

Chocallo appealed this decision, and on August 23, 2005, the United States Court of Appeals for the Third Circuit vacated the Court's dismissal of Chocallo's complaint.  In that

-4-

opinion, the Court of Appeals noted that this Court erred by granting the IRS' motion to dismiss without undertaking a merits analysis of the pro se plaintiff's complaint.  The appellate court then conducted its own merits analysis and concluded that at such an early stage in the litigation, it was not clear from the face of the complaint that Chocallo had failed to file suit within the applicable statute of limitations or that she had failed to exhaust her administrative remedies.  The Court of Appeals accordingly remanded the case to this Court for further proceedings consistent with that opinion.

On remand, the Court held a status conference on January 19, 2006, after which the Court ordered the IRS to answer Chocallo's complaint on or before January 31, 2006.  The IRS complied with this Order and filed its answer on January 31, 2006.  In its answer, the IRS did not include any counterclaims.  Instead, on February 2, 2006, the United States filed a separate suit against Chocallo, seeking recovery of an erroneous refund that it allegedly sent to Chocallo relating to the 1998 tax year.

Chocallo responded by filing various motions attacking both the IRS' answer to her original complaint, as well as the United States' complaint in the new suit.  The Court denied these motions in almost all respects.  While opposing these motions, the United States suggested consolidating the two actions and

substituting the United States for the IRS in Chocallo's initial suit.

On August 8, 2006, the Court ordered Chocallo, who is proceeding pro se in both suits, to submit any objections to this proposed consolidation and substitution.  The Court also ordered the parties to inform the Court as to how much time they needed for discovery.  After considering the parties' submissions, the Court ordered the cases consolidated, substituted the United States for the IRS in Chocallo's original suit, and set November 30, 2006, as the deadline for fact discovery.

The Court held another status conference on February 9, 2007.  Following the conference, the Court ordered the United States to file any summary judgment on or before March 9, 2007.  The Court also ordered Chocallo to notify the Court upon receipt of any such motion as to how much time she needed to respond.  On March 9, 2007, the United States filed (i) a motion to dismiss Chocallo's original complaint for lack of subject-matter jurisdiction, and (ii) a motion for summary judgment on its claim in the second complaint.  Chocallo did not inform the Court as to how much time she needed to respond.

On April 27, 2007, the Court ordered Chocallo to file any opposition to the pending motions on or before May 25, 2007.  Chocallo responded by filing (i) an opposition to the IRS' motion to dismiss her original complaint, and (ii) a motion to dismiss

the United States' complaint in the second suit.  The United
States opposed this latter motion on June 8, 2007.

II.   <u>ANALYSIS</u>

    A.   <u>The IRS' Motion to Dismiss Chocallo's Complaint</u>

        1.   <u>Standard of Review</u>

        The IRS argues that this Court lacks subject-matter
jurisdiction over Chocallo's action because Chocallo filed suit
after the applicable limitations period had expired and without
exhausting her administrative remedies.  Before evaluating these
arguments, however, the Court must first determine whether this
motion challenges the jurisdiction of the Court or the
substantive merits of Chocallo's claims.  Such a determination is
necessary to ascertain the proper standard of review to apply to
the motion -- that which is applied to a motion to dismiss for
lack of subject-matter jurisdiction or that which is applied to a
motion for summary judgment.

        Although not specified by Chocallo, it appears that her
claims arise under 26 U.S.C. §§ 7422 & 7433.  Section 7422 allows
suits against the United States for a refund of taxes, and
section 7433 allows suits against the United States for damages
because of reckless, intentional, or negligent disregard of the
provisions of the Internal Revenue Code or its regulations.  <u>See</u>
26 U.S.C. §§ 7422 & 7433 (2000).  Under the former statute, a
plaintiff must exhaust his or her administrative remedies before

filing suit in federal court.  See 26 U.S.C. § 7422(a).  Under
the latter statute, a plaintiff must exhaust his or her
administrative remedies, as well as bring suit in federal court
within a two-year statute of limitations.  See 26 U.S.C. §
7433(d).  The statutes thus both contain threshold limitations on
their scope.

        The Supreme Court has recently set forth a test to
determine whether threshold limitations on a statute's scope,
such as the ones at issue here, constitute jurisdictional
prerequisites to suit or substantive elements of the claims
alleged.  See Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1245
(2006).  The issue before the Supreme Court in Arbaugh was
whether Title VII's fifteen-employee minimum is a jurisdictional
requirement or a substantive element of a Title VII claim.  Id.
at 1238.  The Court began its analysis by noting that Title VII
contains its own jurisdiction-conferring provision, which makes
no mention of the fifteen-employee minimum.  Id. at 1245.  That
provision provides:  "Each United States district court and each
United States court of a place subject to the jurisdiction of the
United States shall have jurisdiction of actions brought under
this subchapter."  42 U.S.C. § 2000e-5(f)(3) (2006).  The Court
explained that Congress could have made the employee-numerosity
requirement expressly "jurisdictional," as it has expressly made
the amount-in-controversy requirement an ingredient of federal

-8-

subject-matter jurisdiction under § 1332, but Congress did not. See id. Congress placed the fifteen-employee minimum in the "definitions" section of Title VII -- a provision of Title VII that does not speak in jurisdictional terms or refer in any way to federal-court jurisdiction.  Id.  The Court, therefore, concluded that the employee-numerosity requirement is not jurisdictional.

In the course of rendering this decision, the Supreme Court set out a bright line rule:

> If the Legislature clearly states that a
> threshold limitation on a statute's scope
> shall count as jurisdictional, then courts
> and litigants will be duly instructed and
> will not be left to wrestle with the issue.
> But when Congress does not rank a statutory
> limitation on coverage as jurisdictional,
> courts should treat the restriction as
> nonjurisdictional in character.

Id. (internal citations omitted).

Applying this "readily administrable bright line," id., to the present case, the Court concludes that the exhaustion requirement of § 7422 is jurisdictional in nature, but that the statute of limitations and exhaustion requirements of § 7433 are substantive elements of such a claim.

The exhaustion requirement of § 7422 speaks in jurisdictional terms and is included in the subsection of the statute that deals with the jurisdiction of federal courts.  That subsection reads, in relevant part:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.  26 U.S.C. § 7422(a).

By its plain terms, the provision precludes a civil action from proceeding in federal court before the plaintiff files a refund claim with the Secretary and complies with the applicable administrative procedures.  Under the rule announced in Arbaugh, the exhaustion requirement of § 7422 therefore constitutes a jurisdictional barrier to suits seeking a refund of taxes already collected.

The statute of limitations and exhaustion requirements of § 7433, on the other hand, not only fail to speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts, but they also are included in the statute's "limitations" subsection, which does not deal with jurisdictional matters.  Rather, the "limitations" subsection specifies that (i) a judgment for damages will not be awarded unless the plaintiff first exhausts his administrative remedies, (ii) the amount of any damages award will be reduced by the amount of harm that could have reasonably been mitigated by the plaintiff, and (iii) an action under § 7433 must be brought within two years of the date the claim accrues.  26 U.S.C. § 7433.  The Court will

accordingly treat § 7433's statute of limitations and exhaustion requirements as substantive elements of the claim.[2]

---

[2]      In its earlier decision, the United States Court of Appeals for the Third Circuit treated a motion challenging Chocallo's satisfaction of the statute of limitations and exhaustion requirements of § 7433 as an attack on the Court's subject-matter jurisdiction.  See Chocallo v. Internal Rev. Serv., Dep't of the Treasury, 145 Fed. Appx. 746, 748 (3d Cir. 2005).  The Court of Appeals did not, however, expressly consider whether such a challenge was an attack on the Court's jurisdiction or an attack on the substantive sufficiency of the § 7433 claim.  See Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1242-43 (2006).  In Arbaugh, the Supreme Court specifically stated that when a prior court has not "explicitly consider[ed] whether the dismissal should be for lack of subject-matter jurisdiction or for failure to state a claim," that court's decision should be accorded no precedential effect on the question of whether the present court has authority to adjudicate the claim in suit.  See id.

2.   The § 7433 Claim[3]

a.   Statute of Limitations

A taxpayer who wishes to bring suit under § 7433 for damages arising from unauthorized tax collection activities must do so within two years after the date the right of action accrues.  26 U.S.C. § 7433(d)(3).  A right of action accrues under § 7433 "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."  26 C.F.R. § 301.7433-1(g)(2) (2004).

In the present case, Chocallo has alleged continuing violations of the Internal Revenue Code and regulations from 1999 through 2004 in connection with the disposition of her 1998 tax refund.  The IRS has conceded that the last of these allegedly

---

[3]   Because the plaintiff has demanded a jury trial and the Court has determined that the statute of limitations and exhaustion requirements of § 7433 are substantive elements of the claim, the jury is the proper trier of contested facts.  See Arbaugh, 126 S. Ct. at 1244. Consequently, if there are genuine issues of material fact regarding the fulfillment of either of these requirements, the Court must deny the motion and submit the issue to the jury.  In effect, the Court must analyze the portion of the IRS' motion that challenges Chocallo's satisfaction of § 7433's statute of limitations and exhaustion requirements as if it were a motion for summary judgment.

On a motion for summary judgment, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Summary judgment is proper if the pleadings and other evidence on the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2006).

wrongful collection actions -- the IRS' mailing Chocallo a letter demanding the repayment of a refund check in the amount of $40,595.30 that was never issued -- occurred in February of 2004. Chocallo filed her complaint on August 6, 2004, well within § 7433's two-year statute of limitations.  The Court will accordingly decline to grant summary judgment in favor of the IRS on the ground that Chocallo failed to file suit within the applicable limitations period.

    b.    Exhaustion of Administrative Remedies

        To satisfy the exhaustion requirement of § 7433, a litigant must file an administrative claim in writing that conforms to the requirements contained in 26 C.F.R. § 301.7433-1(e).[4]  Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994).

_____

        [4]    26 C.F.R. § 301.7433-1(e) provides that the administrative claim shall include:
        (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
        (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
        (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
        (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
        (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified

Such an administrative claim must include identifying information, the grounds for the claim, a description of the injuries, and the amount of the claim.  See 26 C.F.R. § 301.7433-1(e).  In addition, the administrative claim must be sent in writing to the "Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides."  Id.  A failure to petition the IRS correctly is a failure to exhaust, even if the IRS does not inform the taxpayer of proper procedures.  Venen, 39 F.3d at 103 (citing Amwest Sur. Ins. Co. v. United States, 28 F.3d 690, 696 (7th Cir. 1994)).

        In the present case, Chocallo has provided no evidence that she filed an administrative claim that conforms to the requirements contained in 26 C.F.R. § 301.7433-1(e).  The only evidence that could possibly be construed as constituting such an administrative claim is two letters that Chocallo sent to the IRS, both of which were supplied by the IRS and both of which were addressed to Vawn M. Muse, Revenue Officer.

        In the letter dated May 9, 2001, Chocallo protested the IRS' decision to increase her tax liability for the 1998 and 1999 tax years.  According to Chocallo, she never received notice of

---

        public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

-14-

the increases; the increases were invalid; and she never received any notices of deficiency in connection with the increases. Additionally, Chocallo demanded a refund of the taxes that she allegedly overpaid for the 1998 tax year.

In the letter dated July 22, 2002, Chocallo protested (i) the levy executed on her certificate of deposit, (ii) the IRS' application of a portion of her 1998 overpayment to her tax liabilities from 1994 and 1995, and (iii) the IRS' allegedly erroneous tax assessment of $33,724.00 for the 1998 tax year.  As a result of these actions, Chocallo stated that she had suffered physical, emotional, and financial harm, including a $150 charge from her bank in connection with the IRS' levy.  Chocallo concluded the letter by demanding the return and repayment of her 1998 overpayment, all interest and penalties accrued thereon, and a revocation or cancellation of all levies.

These letters do not demonstrate that Chocallo has exhausted her administrative remedies under § 7433.  First, the letters are addressed to a revenue officer, not the "Area Director, Attn: Compliance Technical Support Manager," as required by  26 C.F.R. § 301.7433-1(e).  See Venen, 38 F.3d at 102 (finding that a letter written to the wrong recipient was inadequate to trigger administrative review under § 7433).  And second, the letters fail to conform to the requirements contained in 26 C.F.R. § 301.7433-1(e).  Although the letters do include

Chocallo's identifying information, they do not describe any alleged unauthorized collection activities that occurred within two years of Chocallo's filing suit.  Furthermore, the letters describe her injuries only in very broad terms and do not include the amount of her claim.  The Court will accordingly grant summary judgment in favor of the IRS on Chocallo's § 7433 claim on the ground that Chocallo has failed to exhaust her administrative remedies.[5]

---

[5]    At various points in the litigation, Chocallo has argued that this issue was resolved in her favor by the Tax Court in October of 2003.  Chocallo has not, however, provided any evidence of this fact, and the Court could locate none.  The Tax Court's docket for Chocallo's case is not electronically accessible, and the only relevant published opinion from Chocallo's case does not discuss exhaustion of administrative remedies.  See Chocallo v. Comm'r of Internal Revenue, No. 12695-02L, T.C. Memo 2004-152 (U.S. Tax Court Memos June 28, 2004).  Furthermore, the Court is doubtful that the Tax Court would make such a determination because, as the Tax Court acknowledged in its published opinion, § 7433 claims must be brought in a federal district court of the United States, not in the Tax Court.

3.   The § 7422 Claim[6]

To satisfy the exhaustion requirement of § 7422, a litigant must first file a claim for refund with the IRS.  See 26

---

[6]   Because the Court has determined that the exhaustion requirement of § 7422 is jurisdictional in nature, the Court will treat the portion of the IRS' motion that challenges Chocallo's satisfaction of § 7422's exhaustion requirement as a motion to dismiss for lack of subject-matter jurisdiction.

Motions to dismiss for lack of subject-matter jurisdiction fall into two categories: facial and factual.  See Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial attack is directed to the sufficiency of the pleadings as a basis for subject-matter jurisdiction.  See id.  When reviewing a facial attack, a court must consider only the allegations of the complaint and documents referenced therein and attached thereto; furthermore, the court must view these allegations and documents in the light most favorable to the plaintiff."  Gould Elec. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

A factual attack, on the other hand, calls into question the essential facts underlying a claim of subject-matter jurisdiction.  See Mortenson, 549 F.2d at 891.  When reviewing a factual attack, a court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  Id.  In such a situation, no presumption of truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims.  Id.  Furthermore, the burden of proving the existence of subject-matter jurisdiction lies with the plaintiff.

Although the IRS has not specified whether its motion to dismiss constitutes a facial or factual attack on the Court's subject-matter jurisdiction, the Court will consider the motion to be a factual attack.  Discovery has been completed, and the motion makes reference to documents that are outside the pleadings.  The Court will accordingly apply the standard of review applicable to factual attacks.

U.S.C. § 7422(a).  As explained by the United States Court of Appeals for the Third Circuit, such a claim may be informal:

> It is not necessary that a claim for refund or credit be submitted to the Internal Revenue Service in any particular form. If a taxpayer submits to the Internal Revenue Service some sort of written instrument which informs the administrative agency that the taxpayer believes that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action, this is sufficient.

D'Amelio v. United States, 679 F.2d 313, 315 (3d Cir. 1982).  In addition, the claim for refund must be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever is later.  26 U.S.C. § 6511 (2005).

In the present case, Chocallo's July 22, 2002, letter to the IRS informs the Service that she believed that she had been subjected to an erroneous or illegal tax exaction and that she desired a refund.  Chocallo's letter was also sent within three years from the time that she filed her 1998 income tax return.  The Court therefore will deny the defendant's motion to dismiss the plaintiff's claims under § 7422 on the ground that she failed to exhaust her administrative remedies.

-18-

B.    The United States' Motion for Summary Judgment in Its
      Case[7]

        The United States argues that it is entitled to summary

judgment on its claim against Chocallo for recovery of an

erroneous refund because there are no genuine issues of material

fact regarding this claim, and the United States is entitled to

judgment as a matter of law.

        Section 7405(b) of the Internal Revenue Code provides

that "[a]ny portion of a tax imposed by this title which has been

erroneously refunded . . . may be recovered by civil action

brought in the name of the United States."  26 U.S.C. § 7405(b).

Such an action must be brought within two years of the refund

having been made.  26 U.S.C. § 6532(b).

        In the present case, the United States relies

exclusively on the declaration of Bruce Clark ("Clark"), the

Technical Services Advisor for the IRS in Erie Pennsylvania, for

its contention that no genuine issues of material fact exist with

regard to its § 7405(b) claim.  In the declaration, Clark states

that the IRS complied with the Tax Court's order to return

Chocallo's levied funds by manually issuing her a check dated

_____

        [7]    As discussed above, when reviewing a motion for summary
judgment, a court must view the evidence and draw reasonable
inferences therefrom in the light most favorable to the party
opposing summary judgment.  See, e.g., Liberty Lobby, 477 U.S. at
255.  Summary judgment is proper if the pleadings and other
evidence on the record "show that there is no genuine issue as to
any material fact and that the moving party is entitled to a
judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2006).

-19-

December 8, 2003, in the amount of $22,935.  Clark goes on to state that the IRS later issued Chocallo another check in the amount of $22,935.  According to Clark, the latter check was issued in error and was a duplicate of the check dated December 8, 2003.

Clark does not state, however, that Chocallo actually received these checks.  Because the United States has failed to provide any evidence (as opposed to mere allegations) demonstrating that Chocallo actually received the allegedly erroneous refund, the Court will deny the United States' motion for summary judgment.  See United States v. Carter, 906 F.2d 1375, 1377 (9th Cir. 1990) (stating that a "refund is considered to have been made on the date the taxpayer received the refund check"); see also United States v. Daum, 968 F. Supp. 1037, 1041 (W.D. Pa. 1997) (stating that the government must establish that a refund was paid to the taxpayer to recover under § 7405(b)).

C.   Chocallo's Motion to Dismiss the United States' Case

Chocallo argues that the United States' complaint should be dismissed because (i) the United States should have brought its claim for recovery of an erroneous tax refund as a compulsory counterclaim in Chocallo's original suit against the IRS, (ii) the Court lacks personal jurisdiction over Chocallo, and (iii) Chocallo was not properly served with the complaint. The Court will deny Chocallo's motion.

1.    The United States' Failure to Plead its Claim in
      Chocallo's Original Suit

Under Federal Rule of Civil Procedure 13(a), a plaintiff must plead any counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a) (2006). A compulsory counterclaim that is not brought by way of responsive pleading is thereafter barred. Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 468 n.1 (1974).

In the present case, the United States' claim for recovery of an erroneous tax refund does appear to arise out of the same transaction as the claims contained in Chocallo's original complaint. As the Court explained in an Order dated September 5, 2006, however, the United States' failure to plead its claim as a counterclaim in Chocallo's original complaint does not bar the United States from bringing the present action. The United States was not a named defendant in Chocallo's original suit. Rather, the named defendant in that case was the Internal Revenue Service, which is not authorized to sue or be sued. Blackmar v. Guerre, 342 U.S. 512, 514 (1952). The Court accordingly allowed the United States to bring its claim as a separate action and consolidated the two suits.

-21-

Furthermore, although the United States Court of Appeals for the Third Circuit has not directly addressed the issue, numerous courts have concluded that the United States is not required to assert a collection action as a counterclaim. See e.g., Caleshu v. United States, 570 F.2d 711, 714 (8th Cir. 1978); see also United States v. Philadelphia Marine Trade Ass'n/Int'l Longshoreman's Ass'n Vacation Fund, 471 F. Supp. 2d 518, 528 & n.15 (E.D. Pa. 2007) (citing cases).  In Caleshu, a taxpayer filed suit against the United States in the Eastern District of Missouri to recover a refund under § 7422.  Caleshu, 570 F.2d at 712.  Later, the government brought a separate action against the taxpayer in the District of Hawaii to recover an allegedly erroneous refund relating to the same transaction.  Id. at 712-13.  The taxpayer responded by filing a motion in the Eastern District of Missouri to stay the action.  Id.  The Missouri court granted the motion on the ground that the collection action was a compulsory counterclaim under Rule 13(a). Id.  The Court of Appeals reversed, holding that Rule 13(a) did not apply because Congress did not intend tax collection actions brought by the United States to be compulsory counterclaims.  Id. at 713-14.  The Court agrees with this well-reasoned opinion.

The Court will accordingly deny Chocallo's motion to dismiss on the ground that the United States is barred from bringing this action.

2.   <u>Lack of Personal Jurisdiction</u>[8]

Federal Rule of Civil Procedure 4(e) authorizes district courts to exercise personal jurisdiction over defendants to the extent permissible under the law of the state in which the district court sits.  Fed. R. Civ. P. 4(e) (2006); <u>Pennzoil Prods. Co. v. Colelli & Assoc., Inc.</u>, 149 F.3d 197, 200 (3d Cir. 1998).  Under Pennsylvania law, courts may exercise personal jurisdiction over an individual defendant if (i) the individual is present in the Commonwealth at the time when process is served, (ii) the individual is domiciled in the Commonwealth at the time when process is served, or (iii) the individual consents to the court's jurisdiction.  42 Pa. Cons. Stat. § 5301(a)(1) (2006).

In the present case, the United States has alleged that Chocallo was domiciled in Pennsylvania at the time when process was served.  Chocallo has presented no evidence to refute this allegation, and she does not deny that she is a Pennsylvania domiciliary.  Indeed, the only address that Chocallo has provided to the Court is a post office box located in Wynnewood,

---

[8]   When reviewing a motion to dismiss for lack of personal jurisdiction, the Court accepts as true all allegations in the complaint.  <u>Dayhoff, Inc. v. H.J. Heinz Co.</u>, 86 F.3d 1287, 1302 (3d Cir. 1996).  Once a defendant raises this jurisdictional defense, the plaintiff bears the burden of demonstrating, through affidavits or other competent evidence, that jurisdiction is proper.  <u>Id.</u>

Pennsylvania.  The Court will accordingly deny Chocallo's motion
to dismiss for lack of personal jurisdiction.

     3.  <u>Insufficiency of Service of Process</u>[9]

     Federal Rule of Civil Procedure 4(e) allows service of
process on individuals (i) pursuant to the law of the state in
which the district court is located, (ii) by delivering a copy of
the summons and complaint to the individual personally, or (iii)
by leaving copies of the summons and complaint at the
individual's dwelling house or usual place of abode with some
person of suitable age and discretion then residing therein.
Fed. R. Civ. P. 4(e) (2006).  Under Pennsylvania law, if service
cannot be made by personal service, a plaintiff may move the
court for a special order directing the method of service.  Pa.
R. Civ. P. 430(a) (2006).

     In the present case, the Court granted the United
States' request to serve Chocallo with a summons and
complaint by certified and first-class mail after the United
States tried unsuccessfully to serve Chocallo at her last known
address.  On June 21, 2006, the United States served Chocallo by
registered and first-class mail as permitted by the Order.  The

_____

    [9]   In reviewing a motion to dismiss for insufficiency of
service of process , the party making the service has the burden
of demonstrating its validity when an objection to service is
made. <u>Grand Entm't Group, Ltd. v. Star Media Sales, Inc.</u>, 988
F.2d 476, 488 (3d Cir.1993).

-24-

Court will accordingly deny Chocallo's motion to dismiss on the
ground that she was not properly served with process.

An appropriate Order follows.

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WANDA P. CHOCALLO       :   CIVIL ACTION
                    :
        v.         :
                    :
INTERNAL REVENUE SERVICE :
DEPARTMENT OF THE TREASURY :   NO. 04-3737
_____

UNITED STATES OF AMERICA  :   CIVIL ACTION
                    :
        v.         :
                    :
WANDA P. CHOCALLO       :   NO. 06-539

ORDER

AND NOW, this 16th day of July, 2007, upon consideration of the IRS' motion to dismiss (Doc. No. 35 in 04-3737), Chocallo's response thereto (Doc. No. 40 in 04-3737), the United States' motion for summary judgment (Doc. No. 11 in 06-539), Chocallo's motion to dismiss (Doc. No. 14 in 06-539), and the United States' opposition thereto (Doc. No. 16 in 06-539), IT IS HEREBY ORDERED that:

1.  To the extent that the IRS' motion to dismiss seeks summary judgment in its favor on Chocallo's claims arising under 26 U.S.C. § 7433 in Case No. 04-3737, the motion is GRANTED.

2.  To the extent that the IRS' motion to dismiss seeks dismissal of Chocallo's claims arising under 26 U.S.C. § 7422 in Case No. 04-3737, the motion is DENIED.

3.   The United States' motion for summary judgment on its claim in Case No. 06-539 is DENIED.

4.   Chocallo's motion to dismiss the United States' claim in Case No 06-539 is DENIED.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.