```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WANDA P. CHOCALLO                :    CIVIL ACTION
                                 :
          v.                     :
                                 :
INTERNAL REVENUE SERVICE         :
DEPARTMENT OF THE TREASURY       :    NO. 04-3737


UNITED STATES OF AMERICA         :    CIVIL ACTION
                                 :
          v.                     :
                                 :
WANDA P. CHOCALLO                :    NO. 06-539
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    November 26, 2008

       These consolidated cases involve a tax dispute between the United States and Wanda Chocallo, who appears before the Court pro se.  On January 3, 2008, this Court filed a Memorandum and Order, in which the Court dismissed Chocallo's claim for a refund in Civil Action No. 04-3737, brought pursuant to 26 U.S.C. § 7422, as a sanction for her failure to appear at three pretrial conferences.  The Court also entered judgment in Civil Action No. 06-539 against Chocallo on the United States's claim for recovery of an erroneous refund under 26 U.S.C. § 7405.  On February 29, 2008, Chocallo filed a notice of appeal to the United States Court of Appeals for the Third Circuit.  On November 6, 2008, the Court of Appeals filed an opinion affirming dismissal of Chocallo's claim and vacating judgment on the United States's

claim.  Chocallo v. United States, Nos. 08-1660, 08-1661, slip. op. (3d Cir. Nov. 6, 2008).  The Court of Appeals remanded the cases to this Court for further decision on the United States's claim.  In view of the factors set forth in the Court of Appeals's decision in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court will now direct the Clerk of Court to enter default against Chocallo on the United States's claim.

Under Poulis, a court may enter default against a party as a sanction after considering the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  747 F.2d at 867-68.  It is not necessary that each factor be satisfied for a sanction to be appropriate.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  Rather, the factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited."  Poulis, 747 F.2d at 870.

Upon consideration of the Poulis factors, the Court finds that entry of default against Chocallo on the government's claim is an appropriate sanction for her refusal to appear at three pretrial conferences even despite Court orders that directed her to appear or else have judgment entered against her.

First, Chocallo, who is pro se, is personally responsible for her failure to attend the pretrial conferences or to otherwise comply with court scheduling orders.  See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2006).  Her conduct cannot be attributed to any counsel or to any other party.

Second, there has been prejudice to Chocallo's adversary.  The Court has attempted to hold three pretrial conferences.  Whereas Chocallo failed to appear, counsel for the United States traveled to Philadelphia from Washington, D.C., for each of these conferences.  In preparation for the pretrial conferences, the United States also spent time preparing two pretrial memoranda, listing and gathering exhibits, and writing proposed jury instructions for a trial that never occurred. Moreover, at the time of Chocallo's non-appearances, these parties had been in litigation with one another for over three years.  The prejudice from failing to proceed with a scheduled trial after more than three years of litigation is, as the Court of Appeals has stated, "apparent."  See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 921 (3d Cir. 1992).

Third, Chocallo has a history of dilatoriness. She failed to attend three pretrial conferences over the course of two months. She further neglected to file a pretrial memorandum, a list of exhibits, or proposed points for charge, as she was instructed to do by the Court's pretrial scheduling orders of September 17, 2007, and September 18, 2007. Finally, Chocallo stated that she would not participate in further proceedings in this Court, thus delaying the resolution of this litigation indefinitely. See Letter from Wanda P. Chocallo, Dec. 22, 2007 (Docket No. 60).

Fourth, as the Court of Appeals has agreed, Chocallo's conduct was willful and not the result of excusable neglect. See Chocallo, Nos. 08-1660, 08-1661, slip. op. at 9-10 & n.8. Throughout this litigation, Chocallo consistently took the position, which the Court of Appeals has now rejected, that the proceedings in this Court are illegal in light of the Court of Appeals's decision of November 10, 2005. See id. at 6 (interpreting Chocallo v. IRS, 145 F. App'x 746, 748 (3d Cir. 2005)). This position was Chocallo's professed reason for actively refusing to participate in proceedings in this Court. She did not, and to date has not, provided any other reason to excuse her failure to appear at any of the three pretrial conferences.

4

Fifth, the Court does not find any alternative sanctions to be effective in this case. Even if the Court were to allow Chocallo to pursue her defense of this claim to the merits, her history of dilatoriness and willful disobedience of this Court's scheduling orders on multiple occasions indicate that allowing her additional time to argue a defense would not be fruitful. Put simply, any sanction that could allow Chocallo to delay the proceedings further would not be effective.

Finally, the Court must address the meritoriousness of Chocallo's defense to the United States's claim. Under this factor, a defense is meritorious when the allegations of the pleadings, if established at trial, would constitute a complete defense. Poulis, 747 F.2d at 869-70. The government's complaint in Civil Action No. 06-539 asserts that the United States overpaid Chocallo when it erroneously sent her a second tax refund check. Chocallo did not file an answer to the complaint. Although she did file a motion to dismiss (Civ. A. No. 06-539, Docket No. 14), that motion did not argue the merits of the government's claim, but simply restated Chocallo's position that the proceedings in this Court were illegal.

As best the Court can tell, Chocallo's position on the government's claim is that if she did in fact receive an erroneous refund, she should be allowed to keep it because the IRS did not send her a notice of deficiency. See 2/9/07 Tr. at

31:8-12 (Civ. A. No. 06-539, Docket No. 10).  At the status conference held on February 9, 2007, Chocallo appeared to refer to United States v. Singleton, 128 F.3d 833 (4th Cir. 1997), in support of this proposition.  See 2/9/07 Tr. at 31:8-12.  In that case, the Court of Appeals for the Fourth Circuit noted that the government can reclaim an erroneous refund in two ways:  by bringing an erroneous refund suit under 26 U.S.C. § 7405 within two years after the refund was made, or by pursuing proper post-collection assessment procedures, including notice of deficiency and demand for payment, followed by judicial or administrative action.  Singleton, 128 F.3d at 837.  Although Chocallo has argued that she received no notice of deficiency, she did not plead facts to show that the United States did not follow any permissible procedure.  She thus has not alleged facts that would constitute a complete defense at trial.

Even if Chocallo's defense were meritorious under Poulis, the Court would still find that the balance of the factors weighs in favor of entering default on the government's claim.  Chocallo willfully refused to take any opportunity to present on the merits any defense that she may have had.  Her adversary has suffered prejudice, and the Court finds no alternative sanction to be effective.  Entry of default against Chocallo is therefore an appropriate sanction for her conduct.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WANDA P. CHOCALLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INTERNAL REVENUE SERVICE | : | |
| DEPARTMENT OF THE TREASURY | : | NO. 04-3737 |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WANDA P. CHOCALLO | : | NO. 06-539 |

ORDER

     AND NOW, this 26th day of November, 2008, IT IS HEREBY ORDERED, for the reasons stated in the accompanying memorandum dated November 26, 2008, that the Clerk of Court shall enter default against Wanda P. Chocallo on the United States's claim in Civil Action No. 06-539.

                                                        BY THE COURT:


                                                   /s/ Mary A. McLaughlin
                                                 MARY A. MCLAUGHLIN, J.